IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

GEORGE ELVIN ALLRED   PETITIONER

V.   NO. 1:07CR045-GHD

UNITED STATES OF AMERICA   RESPONDENT

## MEMORANDUM OPINION

This matter comes before the court on Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. The Government has responded, the Petitioner has replied and this matter is now ripe for review.

*A. Factual and Procedural Background*

On March 12, 2008, George Allred pled guilty to robbing the BancorpSouth Bank in Booneville, Mississippi. In exchange for his plea, Count Two of the Indictment which charged Allred with robbery of a Regions Bank was dismissed. Allred was sentenced on the same day to 57 months imprisonment and ordered to pay $4,856.10 in restitution which was based on the losses sustained by both BancorpSouth (Count One) and Regions Banks (Count Two).

Allred did not pursue an appeal but instead filed this 2255 motion to vacate or modify the restitution ordered. In support of his motion, Allred argues that the amount of restitution related to the dismissed Count Two of the Indictment should be vacated. The Government concedes that restitution in the amount of $1,860.00 was not appropriate for the dismissed Count Two regarding the robbery of the Regions Bank.

Allred next argues that the restitution related to Count One to which he pled guilty should be further reduced by the amount of money recovered by the FBI. The Government again essentially

concedes the issue and offers that the amount of money recovered by law enforcement and returned to BancorpSouth was $850.00. Furthermore, the Government states that the $850.00 was recovered from a individuals who found the money on the side of the road and a "larger portion" ($555.00) was recovered from a bingo parlor. The Government argues that the bingo parlor has suffered a direct monetary loss as a result of its cooperation with the investigation and may now be considered a "victim" of Allred's crime.

## B. Restitution

Allred argues that he should not be held accountable for restitution related to the dismissed Count Two of the indictment. The Victim and Witness Protection Act ("VWPA") allows the court to order a defendant to make restitution to any victim of his crime. 18 U.S.C. § 3663(a). A court, however, may order restitution only for losses caused by the conduct underlying the offense of conviction. *See Hughey v. United States*, 495 U.S. 411, 110 S. Ct. 1979, 109 L. Ed. 2d 408 (1990). In other words, where a defendant is charged with multiple counts but pled guilty to only one, the court can require him to make restitution only for the count to which he plead guilty. *United States v. Griffin*, 324 F.3d 330, 367 (5th Cir. 2003 ) (restitution is restricted to the limits of the offense).

Here, the government concedes that the imposition of restitution was inappropriate to the extent it included an amount based upon the dismissed Count Two which charged Allred with robbing a Regions Banks. Indeed, according to statute and Supreme Court precedent, the order of restitution should not have included an amount attributable to Count Two. Therefore, an amended judgment will be issued reducing the restitution in the amount of $1,860.00.

Next, Allred argues that the amount of restitution should be further reduced to reflect the amount of money recovered by the FBI and returned to BancorpSouth. The Government argues that

2

Allred should not receive any relief based upon the portion of the $850.00 recovered from the bingo parlor. Specifically, the Government contends that the bingo parlor may also be considered a victim since it received $555.00 "during normal, lawful operation and voluntarily contacted notified enforcement."

Generally, a district court can award restitution to "victims" of the offense. *See Hughey*, 495 U.S. at 413. The VWPA allows payment to persons "other than the victim of the offense" if so provided in a plea agreement. *Id.* Given plain meaning to the statutory language, the bingo parlor from which $555.00 was recovered, was not a victim in the ordinary sense of the word. Additionally, the court may not award restitution to anyone "other than the victim" unless provided by the plea agreement. The plea agreement did not included any provision related to restitution or more specifically restitution for the bingo parlor. The court, thus, rejects the Government's "alternate victim" theory.

One of the goals of the VWPA is to restore victims of a crime to as whole a position as possible. *United States v. Satterfield*, 743 F.2d 827 (11th Cir. 1984). When calculating an appropriate amount of restitution, the court is allowed to subtract the value of property returned to a victim. 18 U.S.C. § 3663(b)(1); *United States v. Barndt*, 913 F.2d 201, 204 (5th Cir. 1990). With this guidance, the court finds that the amount of money recovered by authorities should be credited toward the amount of restitution ordered. *United States v. Holley*, 23 F.3d 902, 914-15 (5th Cir. 1994) (defendant entitled to offset amount of restitution by the value of the property returned to the victim). *United States v. Coleman*, 997 F.2d 1101, 1106 (5th Cir. 1993) (the amount of restitution awarded may be reduced by the value of the victim's property that has been returned); *United States v. Laughlin*, 804 F.2d 1336, 1342 (5th Cir. 1986) (in determining the amount of restitution the court

3

must take into account the value of the property returned). Therefore, an amended judgment will be issued further reducing restitution in the amount of $850.00.

*C. Conclusion*

For all the foregoing reason, Allred's motion shall be granted as to the reduction in restitution. The restitution previously awarded to Regions Bank in the amount of $1, 860.00 is vacated. Similarly the restitution awarded to Bancorp South is reduced by $850.00. The total amount of restitution remaining is $2146.10.

A final judgment and amended criminal judgment shall issue in accordance with this opinion.

This the 17th day of July, 2009.

SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI